IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMIE JONES,

                                                                           ORDER

                      Petitioner,

                                                                        08-c-0118-bbc

      v.

CAROL HOLINKA, Warden,
Federal Correctional Institution,
Oxford, WI,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. 2241. Petitioner Jimmie Jones is currently a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He alleges that the district court convicted him in violation of his Fifth and Seventh Amendment rights. A review of the federal court's PACER system shows that petitioner was convicted in the United States District Court for the Central District of Illinois (92-cr-200042-MPM-DGB-1) and that he has not previously challenged his conviction in that court under 28 U.S.C. § 2255. Although petitioner has paid a $5.00 filing fee, his petition will be dismissed for lack of jurisdiction.

       From petitioner's petition for writ of habeas corpus, I draw the following facts.

1

ALLEGATIONS OF FACT

Petitioner Jimmie Jones is currently an inmate at the Federal Correctional Institution in Oxford Wisconsin.

In 1992, petitioner was indicted before a grand jury for possession of cocaine, heroin and firearms as well as money laundering and the unlawful structuring of a currency transaction. On February 18, 1993, a jury found him guilty on all counts. Based on the sentencing guidelines, petitioner would have been subject to a sentence of 78 to 97 months.

After the trial, the government filed 11 new charges against him that were not listed in the original indictment or presented before a jury. However, at petitioner's sentencing trial on May 11, 1993, the sentencing judge found him guilty of the new charges. Based on these new charges, he received a sentence of 360 months.

DISCUSSION

Ordinarily, only challenges to the execution of a sentence can be brought under § 2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); challenges to the imposition of a sentence must be raised under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). A writ of habeas corpus under §2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him, 28 U.S.C. § 2255(a). However, a narrow exception to this general rule permits a prisoner to proceed

2

under § 2241 if § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(5); Kramer, 347 F.3d at 217; United States v. Prevatte, 300 F.3d 792, 799 (7th Cir. 2002). Section 2255 is deemed "inadequate" if its limitations would prevent a "prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" Kramer, 347 F.3d at 217 (citing Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002)).

In the instant case, petitioner has failed to allege any facts or legal theory for establishing his actual innocence. Additionally, he has not even attempted to file a § 2255 motion in his sentencing court. Instead it is clear from his petition that he is aware that he is barred from bringing a § 2255 challenge because he has not done so within the statutory one-year period. 28 U.S.C. § 2255 (f). He contends that § 2255 is ineffective as a means to challenge his conviction because it places an unconstitutional burden on any prisoner who is not "sufficiently educated in the law to be able to effective[ly] determine the legality of her or his unlawful . . . prosecution" as quickly as the one-year limitation period requires.

Although petitioner's argument regarding the complexity of legal proceedings for prisoners may have some merit, it is not a compelling argument where the challenge is that petitioner was convicted of crimes that the government did not prove. When petitioner was sentenced he would have been informed of the crimes of which he was convicted and would have known whether he was being convicted of crimes that were unproven. This means

3

petitioner had all the information and knowledge he needed at that time to know that his legal rights may have been violated.  (Petitioner classifies the additional 11 counts the trial judge considered in sentencing him as separate crimes when these were properly considered as enhancements by the trial judge.)

Because petitioner has failed to demonstrate that § 2255 is "inadequate" to challenge his conviction, this court lacks jurisdiction to review his conviction.

ORDER

IT IS ORDERED that Jimmie Jones's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 8th day of September, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge